

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7895 | **DATE** | April 19, 2002 |
| **CASE TITLE** | *Bryant v. Chicago Board of Education* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The defendants' motion to dismiss [11-1] is granted. The § 1983 claims against the Board and the substantive and procedural due process claims against Mr. Trujillo and Mr. Perez are dismissed without prejudice. Mr. Bryant may file an amended complaint, consistent with Rule 11, by May 13, 2002. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office |
|---|---|---|

number of notices

APR 2 5 2002

date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

**Document Number**

19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST BRYANT and KATRENA BRYANT,<br>    Plaintiffs,<br><br>v.<br><br>CHICAGO BOARD OF EDUCATION, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 01 C 7895 |

**DOCKETED**
APR 2 5 2002

## MEMORANDUM AND ORDER

Plaintiff Earnest Bryant is a former business manager at Morton Career Academy, a Chicago Public School. Plaintiff Katrena Bryant is his spouse. The defendants are the Chicago Board of Education, Vivian Reed (Morton's principal), Eardie Bassett (Morton's local school council chairperson), Morton's local school council, Domingo Trujillo (the regional education officer for Region 2 of the Chicago Public Schools) and Jorge Perez (Region 2's business manager). The Board, Mr. Trujillo, and Mr. Perez assert that they should be dismissed because the court lacks subject matter jurisdiction over them. They also assert that Mr. Bryant's § 1983 claims against them fail as a matter of law. For the following reasons, subject matter jurisdiction is proper but the motion to dismiss is nevertheless granted.

## Background

The following facts are drawn from the plaintiffs' pro se complaint, which the court has construed generously and will accept as true for the purposes of the defendants' motion to dismiss. Mr. Bryant claims that Ms. Redd, among other things, directed unwelcome sexual advances and remarks towards him and forged his name on school checks. Ms. Redd and Mr. Bassett conspired to eliminate Mr. Bryant's position to retaliate against him after he

*19*

complained about Ms. Redd's behavior. Mr. Bryant told the Board about the retaliation, but the Board refused to help protect him. Mr. Bryant asked to meet with Mr. Trujillo and Mr. Perez and his lawyer. Mr. Bryant subsequently met with Mr. Trujillo and Mr. Perez, but not a lawyer. It is unclear what transpired during the meeting.

## Subject Matter Jurisdiction

The defendants correctly note that the plaintiffs failed to specify the basis of the court's jurisdiction, although Rule 8(a) required them to do so. Nevertheless, the basis of the court's jurisdiction – federal question – is clear given that Mr. Bryant claims that the defendants violated 42 U.S.C. § 1983 and his federal due process rights. Thus, the motion to dismiss for lack of subject matter jurisdiction is denied.

## Discussion

The Board is a municipality for purposes of § 1983 as government entities are "persons" within the meaning of § 1983 and thus can be "sued directly under § 1983 for monetary, declaratory, or injunctive relief [provided] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of the City of N. Y.*, 436 U.S. 658, 690 (1978); *Looper Maintenance Serv. Corp. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir.1999).

There are three ways in which a municipality's policy can violate § 1983: (1) if it has an express policy that, when enforced, causes constitutional deprivation; (2) if there is a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the force of law; (3) if a

person with final policymaking authority causes a constitutional injury. *See* 42 U.S.C. § 1983; *see also McTigue, v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

The Seventh Circuit does not impose a heightened pleading standard in § 1983 municipal liability cases. *McCormick v. City of Chicago*, 230 F.3d 319 (2000). Instead, invoking the seminal case of *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), in which the Supreme Court emphasized that courts should not dismiss § 1983 complaints for lack of factual specificity, the Seventh Circuit has held that a "smattering of phrases like 'highest policymaking officers' and 'widespread custom'" throughout a complaint should be enough to get a § 1983 plaintiff over the pleading bar on a municipal liability claim. *Id.* at 324. Thus, while a complaint need not plead facts which establish the legal conclusions set forth in the complaint, it must contain enough factual specificity to enable the court and the defendants to understand the gravamen of the complaint. *Id.* at 324-35.

Here, Mr. Bryant alleges that "[t]he Chicago Board of Education and its agents being informed of the Defendant's [Ms. Redd's] action, failed to intervene on behalf of the Plaintiff." This allegation does not satisfy the Seventh Circuit's relatively undemanding standard because it fails to explain, in even a cursory fashion, how the Board could potentially be liable under § 1983. Hence, the § 1983 claims against the Board are dismissed without prejudice.

The court next turns to the § 1983 claims against Mr. Trujillo and Mr. Perez. Mr. Bryant claims that Mr. Trujillo and Mr. Perez deprived him of his substantive and procedural due process rights. In order to properly challenge the substance of a government decision on

substantive due process grounds, a plaintiff must show: "(1) that the decision was arbitrary

and irrational, and (2) that the decision-makers either committed another substantive

constitutional violation or that state remedies are inadequate." *Srasburger v. Board of*

*Education*, 143 F.3d 351, 357 (7th Cir.1998). Moreover, "a claim based on substantive due

process must be based on the deprivation of an underlying protected life, liberty, or property

interest." *Zorzi v. County of Putnam*, 30 F.3d 885, 894 (7th Cir.1994).

Therefore, "the absence of any claim by the plaintiff that an interest in . . . property

has been impaired is a fatal defect in the plaintiff's [substantive] due process argument." *Id.*

Only once a plaintiff can show he or she has a protected life, liberty, or property interest, may

he or she then maintain a substantive due process cause of action for an allegedly arbitrary

action. *See DeTomasco v. McGinnis*, 970 F.2d 211, 214 (7th Cir.1992).

On the other hand, to state a Fourteenth Amendment procedural due process claim, the

second element of a § 1983 claim – the deprivation of a constitutionally protected right –

breaks down into three components: (1) the claimed interest must be a protected property or

liberty interest. (2) the alleged loss must constitute a deprivation; and (3) the deprivation must

be without due process of law. *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir.1989).

According to the complaint, Mr. Trujillo and Mr. Perez allegedly deprived Mr. Bryant

of his due process rights. The only allegation in the complaint directed at Mr. Trujillo and

Mr. Perez states that they met with Mr. Bryant and refused to allow him to bring an attorney

to that meeting. It is unclear what transpired at the meeting, or what it was meant to address.

While the court has construed the allegation about the meeting generously, Mr. Bryant must

allege facts supporting an inference that he had a constitutionally protected property or liberty

-4-

interest *connected to* the meeting. Without a property or liberty interest, his substantive and procedural *due proc*ess claims against Mr. Trujillo and Mr. Perez must fail.

## Conclusion

For *the above* reasons, the defendants' motion to dismiss [11-1] is granted. The § 1983 claims aga*inst the B*oard and the substantive and procedural due process claims against Mr. Trujillo *and Mr. Perez* are dismissed without prejudice. Mr. Bryant may file an amended complaint, *consist*ent with Rule 11, by May 13, 2002.

DATE: 4-19-02

Blanche M. Manning
U.S. District Judge